ATLAS SUPPLY COMPANY ET AL. v. A. J. MAXWELL, COMMISSIONER.

(Filed 15 December, 1937.)

**1. Taxation § 30—Sale of plumbing and heating equipment to plumbing and heating contractors is retail sale taxable at 3 per cent.**

The sale of plumbing and heating equipment to plumbing and heating contractors, to be used by them locally in erecting, constructing, improving, or repairing plumbing and heating systems in buildings and structures, is a retail sale of such equipment within the meaning of the Revenue Act of 1937, Art. V, sec. E, ch. 127, and is taxable at 3 per cent of the value of the equipment, since the plumbing and heating contractors purchase the equipment, not for resale as tangible personal property, but for use in producing the finished job, sec. 404 of the Revenue Act.

**2. Taxation § 23—**

That a certain construction of a taxing statute would yield the State more revenue is not germane in its interpretation.

**3. Same—**

A regulation issued by the Commissioner of Revenue in regard to the levy of sales tax, Revenue Act of 1937, sec. 405, may not be successfully

attacked on the ground that the regulation is repugnant to previous regulations under prior statutes, the authority to issue regulations being "to prevent abuse with respect to existing regulations."

**4. Statutes § 5a—**

The heart of a statute is the intention of the Legislature.

APPEAL by plaintiffs from *Sinclair, J.,* at September Term, 1937, of WAKE.

Proceeding under Declaratory Judgment Act, ch. 102, Public Laws 1931, to determine validity of regulation promulgated by Commissioner of Revenue under sales tax provisions of Emergency Revenue Act of 1937, effective 1 July, 1937, as applied to certain transactions or types of business carried on by the plaintiffs.

The plaintiffs are local dealers in heating and plumbing equipment, materials, and supplies, and, as such, are engaged in selling their wares and merchandise (1) to merchants for resale, and (2) to plumbing and heating contractors to be used by them locally in erecting, constructing, improving, altering, or repairing plumbing and heating systems in buildings and structures of various kinds under lump-sum contracts.

The precise question submitted to the Court for decision is whether the second class of sales made by plaintiffs to plumbing and heating contractors to be used by them in fulfilling lump-sum contracts is subject to the 3 per cent sales tax.

The trial court held that, upon the facts agreed and appearing of record, the sales in question were subject to the 3 per cent tax, and from this ruling plaintiffs appeal, assigning errors.

*Ehringhaus, Royall, Gosney & Smith for plaintiffs, appellants.*
*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for defendant, appellee.*

STACY, C. J.   Under the Emergency Revenue Act of 1937, Article V, section E, of chapter 127, Public Laws 1937, "wholesale" and "retail" merchants are required to pay a sales tax, as a license or privilege tax, upon the sale within this State of tangible personal property, the rate upon sales at wholesale being 1/20 of 1 per cent and the rate upon sales at retail being 3 per cent of the value of the merchandise sold.

It is further provided in the act that "the sale of any article of merchandise by a 'wholesale merchant' to any one other than a merchant for resale" shall be taxable at the retail rate, and the Commissioner of Revenue is authorized to promulgate appropriate regulations defining transactions carrying the different rates.   Sec. 405.

Pursuant to this statutory authority, the Commissioner of Revenue has issued regulation No. 85, classifying the transactions here in question

as subject to the retail rate. The correctness of this regulation is challenged by the plaintiffs. They contend that the transactions should be denominated sales at wholesale, and, therefore, entitled to the lesser rate.

The act contains its own glossary or definition of terms. Sec. 404. The pertinent ones follow:

1. The words "wholesale merchant" shall mean every person who engages in the business of buying any articles of commerce and selling same to merchants for resale.

2. The words "retail merchant" shall mean every person who engages in the business of buying or acquiring, by consignment or otherwise, any article of commerce and selling same at retail.

3. The word "merchant" shall include any individual, firm, or corporation, domestic or foreign, estate or trust, subject to the tax herein imposed.

4. The word "retail" shall mean the sale of any article of commerce in any quantity or quantities for any use or purpose on the part of the purchaser other than for resale.

5. The word "sale" shall mean any transfer of the ownership or title of tangible personal property for any kind of .consideration, regardless of the name that may be given to such transaction.

It may be conceded that plaintiffs are "wholesale merchants" within the meaning of the act in question, and that sales made by them to merchants for resale are properly taxable at the wholesale rate. And there is no denial that ordinarily heating and plumbing contractors are not regarded as merchants. It is the contention of the plaintiffs, however, that under the definition of the word "sale" as "any transfer of the ownership or title of tangible personal property," such contractors engaged in fulfilling lump-sum contracts are properly denominated merchants within the meaning of the act, for they buy heating and plumbing materials, incorporate them in heating and plumbing systems, and transfer title thereto to the owners of the buildings. The argument is ingenious, and finds support among the authorities. *Blome Co. v. Ames,* 365 Ill., 456, 6 N. E. (2d), 841; *Bradley Supply Co. v. Ames,* 359 Ill., 162, 194 N. E., 272; *Mason Lbr. Co. v. Lee,* 126 Fla., 371, 171 So., 332.

We are unable to accept plaintiffs' view as the proper interpretation of the statute. "Some play must be allowed for the joints of the machine"—*Mr. Justice Holmes* in *M. T. & K. Ry. Co. v. May,* 194 U. S., 267. A manufacturer buys raw materials, uses them in producing the finished product which he sells, but it would hardly be contended that he buys the raw materials for resale. Certainly not in the ordinary acceptation of the term. They are to be used for manufacturing purposes. *Boyer-Campbell Co. v. Fry,* 271 Mich., 282, 260 N. W., 165. So it is with heating and plumbing contractors who buy materials and supplies

for use in fulfilling lump-sum contracts. They purchase the materials and supplies, not for resale as tangible personal property, but for use in producing the turn-key job. There is no resale of the materials and supplies, as such, either actual or intended, within the meaning of the act. 23 R. C. L., 1233.

Speaking to a similar contention made under the Maryland statute in the case of *S. v. Christhilf,* 170 Md., 586, 185 Atl., 456, *Sloan, J.,* delivering the opinion of the Court, said: ". . . we cannot agree with the view that there is a transfer of title to so many feet of lumber, kegs of nails, thousands of brick, perches of stone, cubic yards of concrete, or other items of materials entering into a lump-sum contract, for a complete job or structure, which, when erected on the customer's land, is as much real property as the land itself and is by no sort of definition or reasoning 'tangible personal property.' *State v. J. Watts Kearny & Sons,* 181 La., 554, 160 So., 77."

Other arguments, more or less plausible, were advanced by the plaintiffs on the hearing and in brief, but it is concluded the sum of the matter should be an affirmance of the judgment below. That a contrary holding would yield the State two taxes instead of one, and hence more revenue, cannot avail as a criterion of construction. Nor is it fatal to the challenged regulation that it differs from a previous one issued under prior statutes, or that it may even represent a *volte face* in the matter. The authorization to issue the regulation was "to prevent abuse with respect to existing regulations." Sec. 405. This reveals the legislative intent. The heart of a statute is the intention of the law-making body. *Trust Co. v. Hood, Comr.,* 206 N. C., 268, 173 S. E., 601.

The judgment appears to be correct.

Affirmed.