[No. 28796. Department One. December 12, 1942.]

THE STATE OF WASHINGTON, *Respondent*, v. NORTH-WEST DRUG COMPANY, INC., *Appellant*.[1]

*Homer L. Goldblatt,* for appellant.

*B. Gray Warner* and *John J. Quine,* for respondent.

MILLARD, J. — Defendant corporation was found guilty in justice court of the crime of selling prophylactics at wholesale without having a wholesale dealer's license, as required by Rem. Rev. Stat. (Sup.), § 10146-2 [P. C. § 5399-19]. The hearing in the superior court on appeal from that conviction resulted unfavorably to appellant, which prosecutes appeal to this court from the adverse judgment and sentence entered.

Appellant's challenge to the sufficiency of the evidence to sustain the conviction should have been granted. The only charge against appellant is that it sold, on a certain date, prophylactics to one C. R. Griffith at wholesale without having a wholesaler's license, as required by the statute.

[1]Reported in 131 P. (2d) 956.

"It shall be unlawful for any person to sell any prophylactic at wholesale or at retail without having, respectively, a valid and subsisting wholesale dealer's or retail dealer's license issued under the provisions of this act; nor shall any licensed wholesale dealer make any sale other than at wholesale, nor any licensed retail dealer make any sale other than at retail." Rem. Rev. Stat. (Sup.), § 10146-2, Laws of 1939, Chapter 192, § 2, p. 643.

The only evidence adduced to sustain the charge was that the complaining witness, who was an inspector for the state board of pharmacy, purchased two gross of prophylactics from appellant, and, at the time of the purchase, the complaining witness was not a person who sold or intended to sell prophylactics directly to the user.

The statute, which the state charges appellant with having violated, defines the meaning of the term "wholesale," beyond the scope of which definition we may not go to determine the meaning of the word. Pertinent portion of the statute reads as follows:

" 'Wholesale' shall mean a sale by a manufacturer, wholesale dealer, distributor or jobber to a person who sells, or intends to sell, direct to the user, and 'wholesale dealer' shall mean such a manufacturer, wholesale dealer, distributor or jobber; . . . " Rem. Rev. Stat. (Sup.), § 10146-1 [P. C. § 5399-18], Laws of 1939, chapter 192, § 1, p. 642.

Clearly, the state failed to prove that appellant was guilty of the crime of selling prophylactics at wholesale. The sale to the complaining witness, an inspector for the state board of pharmacy, was not a sale at wholesale within the meaning of the statute. It is not material at what price the prophylactics were sold by appellant, neither is the amount sold of any importance, as, under the statute, price does not, nor does the amount sold, determine the nature of

the sale. Even if appellant's representative who made the sale to the complaining witness believed that the purchaser was buying the prophylactics for resale, that belief would not bring appellant within the statute.

We can not follow the argument that appellant believed that the complaining witness was purchasing the prophylactics for resale, therefore appellant is guilty of the crime charged. In fact, if such representations were made by the complaining witness, they were untrue, hence immaterial. An essential element of the crime charged is that the buyer of the prophylactics was a seller or intended to sell what he bought from appellant. That element is lacking. Unless the complaining witness, the buyer of the prophylactics from appellant, was a person "who sells, or intends to sell, direct to the user, . . . " the transaction was not a sale at wholesale under the statute.

The citation of sustaining authority is unnecessary. The state failed to prove that appellant sold prophylactics to the complaining witness at wholesale in violation of Rem. Rev. Stat. (Sup.), § 10146-2. It is unnecessary to discuss the other questions.

The judgment is reversed and the cause remanded, with directions to dismiss.

ROBINSON, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.