Weygandt, C. J.
 

 The sales tax assessments were made under the'provisions of Sections 5546-1 to 5546-
 
 *336
 
 24c, inclusive, General Code, and the use tax was assessed under Sections 5546-25 to 5546-50, inclusive. ,
 

 The appellant’s first contention is that he is not a “consumer” of the materials purchased and used by him in his business. In Section 5546-1 it is provided that “ ‘consumer’ means the person to whom the transfer effected or license given by a sale is or is to be made or given, or to whom the admission is granted,” and in Section 5546-25 “consumer” is defined as “the persons who shall have purchased tangible personal property for storage, use, or other consumption in this state.” The appellant insists that at no time did he intend to use for his own consumption any of the various materials embodied in the manufactured furnaces. He- says that the “materials were merely in his possession, temporarily until they were enriched, by his skill and labor and transferred to the general contractor who passed them on to the ultimate consumer.” It is of course true that the appellant himself did not use or “consume” the completed product— the furnaces. However, it is a vastly different matter to say that he did not use or “consume” the various materials from which he manufactured and assembled the furnaces. The component parts or materials themselves were of no moment to the general contractors. Their only concern was the completed product — the furnaces or heating units which were used or “consumed” subsequently by the occupants of the dwellings.
 

 The appellant’s next contention is that no “retail sales” or “sales at retail” were made to him inasmuch as the language of Section 5546-1, General Code, excepts sales “in which the purpose of the consumer is (a) to resell the thing transferred in the form in which the same is, or is to be, received by him; or (b) to-incorporate the thing transferred as a material or a part, into tangible personal property to be produced for sale by manufacturing, assembling, processing or re
 
 *337
 
 fining * * * .” In the purchase of the various materials the sole purpose of the appellant was to manufacture and install completed furnaces in dwelling houses in conformity with his contracts with general contractors. He resold at retail,none of the individual materials he purchased, since all of them were used in the process of manufacturing and assembling. Furthermore, the appellant’s contracts did not separate the items of labor and materials, as permitted by Section 5546-1, General Code, which provides that a “construction contract, pursuant to which tangible personal property is or is to be incorporated into a structure or improvement on and becoming a part of real property shall, if the consideration for such incorporation is agreed upon, charged or. paid separately from the consideration for the performance of the other obligations of such construction contract, constitute a sale of such tangible personal property for the purpose of this act.” Hence, the appellant’s purchase of manufacturing materials constituted a retail sale to him.
 

 It should, be noted that in Section 5546-2, General Code, appears the following provision:
 

 “For the purpose of the proper administration of ihis act and to prevent the evasion of the tax hereby levied, it shall be presumed that all sales made in this state are subject to the tax hereby levied' until the contrary is established.”
 

 Finally, the appellant urges that such an application of Section 5546-1, General Code, renders it unconstitutional. He says it lacks uniformity of operation in contravention of Section 2 of Article XII of the Constitution of Ohio, because it results in taxing tangible personal property for no other reason than the fact that in the form- of the product into which it is manufactured it becomes real estate. This requirement is simply that land and improvements thereon shall be
 
 *338
 
 taxed by uniform rule according to value; and no violation thereof is here apparent.
 

 The decisions of the Board of Tax Appeals must be affirmed.
 

 Decisions affirmed.
 

 Matthias, Hart and Bell, JJ., concur.