FETTEROFF et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 35226.   Aug. 5, 1952.

247 P. 2d 505.

Wilson & Leach, Tulsa, for petitioners.

Mac Q. Williamson, Atty. Gen., and John W. Sublett and C. Lawrence Elder, Tulsa, for respondents.

DAVISON, J. On February 14, 1951, Beulah M. Pettyjohn filed her first notice of injury and claim for compensation stating that while employed by petitioners she sustained an accidental injury on January 22, 1951. A hearing was conducted and an award was entered for temporary total disability. The cause and extent of the disability is not in dispute.

In two separate propositions petitioners seek to vacate the award. It is first argued that claimant was not engaged in one of the employments listed as hazardous under 85 O.S. 1951 §§ 1 and 2. The State Industrial Commission found that petitioners were operating a wholesale bakery. The evidence discloses that claimant was employed in the bakery and her chief duty was selling doughnuts, cakes and bread to the patrons of said bakery. At times she operated a slicing machine used for the purpose of slicing the bread. The business was conducted in one large room partially separated from the counter in the front of the building by a partition four feet high. Back of this partition was a bake oven, two electric dough mixers and the bread slicer. This partition was covered with wire.

At the time of the injury claimant was placing a decorative paper on the wire when she fell into the plate glass show case and sustained her injury. During her testimony she identified and there was introduced in evidence the picture of a truck owned and operated by petitioners. She testified this truck was being used at this place of business at the time of her injury; that it was used to make wholesale deliveries; that on one occasion she drove the truck to deliver bakery supplies to Dixon Groceries. This truck had an advertisement on it as follows:

"Do-Nut-Hole Bakery
Fresh Wholesale Pasteries
4312 E. 11th Phone 6-3817 Peoria"

That she filled orders for the wholesale deliveries during all the time she was working for the bakery; they were engaged in the wholesale business; that she heard Mr. Fetteroff, her employer, state that if it were not for his wholesale business he would go broke; that she sold doughnuts in lots to a local drugstore and a local drive-in; that she also sold supplies from the bakery to Dixon's Grocery and a concern known as Patty's Bridal Service and to churches and groups to be used by them for serving meals.

Maxine Brant, an employee of the bakery, supported the testimony of claimant.

Bruce Fetteroff, one of the owners of the establishment, testified that he only sold bakery supplies in small lots. He agreed that supplies were sold to a local drugstore, a local drive-in, and Dixon's Grocery. Dixon's Grocery had two establishments. One of these establishments was near petitioners' place of business. At the other establishment petitioners maintained a bakery service with their own employees. Petitioners had two places of business and the one place known as the Peoria Store was used for the conducting of wholesale sales. For this purpose petitioners maintained a truck for the delivery of such sales. It cannot be de-

termined from the evidence how much of the business was conducted from the location known as the Peoria Store.

The State Industrial Commission found that petitioners were conducting and operating a wholesale mercantile establishment and that claimant was an employee thereof.

It is argued that the evidence is wholly insufficient to support this finding. Petitioners cite Crown Drug Co. v. Hofstrom, 158 Okla. 27, 12 P. 2d 519; Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. 2d 294; Montgomery Ward & Co. v. State Industrial Commission, 201 Okla. 165, 203 P. 2d 432; and Hurley v. O'Brien, 192 Okla. 490, 137 P. 2d 592.

A wholesale bakery is a wholesale mercantile establishment within the meaning and definition of 85 O.S. 1951 §§1 and 2. Continental Baking Co. v. Campbell, 176 Okla. 218, 55 P. 2d 114. A wholesale mercantile establishment has been defined by this court in Veazey Drug Co. v. Bruza, supra. We have no statute defining a wholesale merchant or a wholesale mercantile establishment. In Atlas Supply Co. v. Maxwell, 212 N.C. 624, 194 S.E. 117, it is stated:

"(1) The words 'wholesale merchant' shall mean every person who engages in the business of buying any articles of commerce and selling same to merchants for resale."

Although this is a statutory definition it applies quite generally to the rule announced in several jurisdictions. See Albuquerque Lumber Co. v. Bureau of Revenue of New Mexico, 42 N.M. 58, 75 P. 2d 334.

Petitioners argue that because the sales made to the local drugstore and the local drive-in, although occurring frequently, were small and afforded a minor financial return, they were a mere incident to their retail business and not wholesale. We cannot agree. In Veazey Drug Co. v. Bruza, supra, the evidence discloses that no sales were made as a wholesale establishment. In Montgomery Ward & Co. v. State Industrial Commission, supra, it is assumed that if there were wholesale sales claimant was not engaged in such sales at the time of his injury. In Hurley v. O'Brien, supra, it is stated that the mere isolated sales by a retail establishment do not constitute the same a wholesale mercantile establishment.

The amount or degree of the sales has never been made the test as to the nature of the business. Moore v. Arizona Box Co. (Ariz.) 126 P. 2d 305, and State v. Northwest Drug Co., 15 Wash. 2d 634, 131 P. 2d 956. We are of the opinion and hold that the evidence justified the finding that claimant was an employee of a wholesale mercantile establishment.

Finally, it is the contention of petitioners that if claimant was an employee of a wholesale mercantile establishment, she was not engaged in that employment when she was injured but was engaged in the retail department for which petitioners would not be liable. In support of this proposition petitioners cite Veazey Drug Co. v. Bruza, supra; Beatrice Creamery Co. v. State Industrial Commission, 174 Okla. 101, 49 P. 2d 1094; Jones & Spicer v. McDonnell, 164 Okla. 226, 23 P. 2d 701; and related cases.

We cannot agree that these cases are applicable to the fact situation in the case at bar. In Wilson & Co., Inc., of Okla. v. Musgrave, 180 Okla. 246, 68 P. 2d 846, it is stated:

"When the work of an employee is manual or mechanical and is connected with, incident to, and an integral part of, a business or industry enumerated in and defined as hazardous by the Workmen's Compensation Law, such employee is both protected and bound by the provisions of said act, notwithstanding the fact that such work may be performed in a room or place or under conditions not inherently hazardous."

"At the time of her injury claimant was engaged in doing something incident to and connected with the wholesale mercantile establishment.

Award sustained.

ARNOLD, C.J., HALLEY, V.C.J., and WELCH, CORN, and BINGAMAN, JJ., concur. GIBSON, JOHNSON, and O'-NEAL, JJ., dissent.