Taft, J.
The business conducted by appellant may be divided into two kinds of transactions. What will be referred to as the first transaction was the purchase by appellant of the raw materials. What will be referred to as the second transaction was the transfer of its manufactured product by appellant to its customer.
By Section 5546-2, General Code, a sales tax is “levied on each retail sale made in this state.”
The sales tax in the instant case was levied on appellant as a consumer only with respect to the first transaction. That was wholly an Ohio transaction. However, although appellant admits that that transaction was a sale to it, appellant contends that that transaction was excepted from the definition of ‘ ‘ retail sale” found in Section 5546-1, General Code, and reading:
“ ‘Retail sale’ and ‘sales at retail’ include all sales excepting those in which the purpose of the consumer is * * * (b) to incorporate the thing transferred as a *401 material or a part, into tangible personal property to be produced for sale by manufacturing, assembling, processing * * (Emphasis added.)
In the instant case, whether the first transaction was excepted from the definition of “retail sale” depends upon whether the ornamental iron manufactured by appellant was, within the meaning of the Sales Tax Act, to be “produced for sale.” This in turn depends on whether the second transaction was a “sale” within the meaning of the Sales Tax Act. Whether it was depends, of course, upon the definition of the word ‘ ‘ sale ’ ’ in the Sales Tax Act. If the definitions in that act require the conclusion that a particular transaction is not a sale, it must be so regarded in applying the act, even though such transaction would be regarded as a sale under the Uniform Sales Act or under otherwise applicable principles of the common law. Terteling Bros., Inc., v. Glander, Tax Commr., 151 Ohio St., 236, 85 N. E. (2d), 379.
In Section 5546-1, General Code, it is provided in part:
“ ‘Sale’ and ‘selling’ include all transactions whereby title or possession, or both, of tangible personal property, is or is to be transferred * * *. * * * A construction contract, pursuant to which tangible personal property is or is to be incorporated into a structure or improvement on and becoming a part of real property shall, if the -consideration for such incorporation is agreed upon, charged or paid separately from the consideration for the performance of the other obligations of such construction contract, constitute a sale of such tangible personal property for the purpose of this act. * * * ”
Unless we conclude that the General Assembly intended to say nothing when it made the above legislative statement with regard to such a “construction *402 contract, ’ ’ we must necessarily infer that such a ‘ ‘ construction contract,” where “the consideration for such incorporation” was not “agreed upon, charged or paid separately from the consideration for the performance of the other obligations of such construction contract,” would not “constitute a sale.” Such a conclusion is stated in the Tax Commissioner’s Rule No. 27 which was applied in DeWitt-Jenkins Realty Co. v. dander, Tax Commr., 156 Ohio St., 339, 102 N. E. (2d), 441.
The foregoing statutory language defines “a construction contract” as a contract “pursuant to which tangible personal property is or is to be incorporated into a structure or improvement on and becoming part of real property.” It then indentifies a particular kind of construction contract, i. e., one where “the consideration for such incorporation is agreed upon, charged or paid separately from the consideration for the performance of the other obligations of such construction contract. ’ ’ It then states that that particular kind of construction contract is to “constitute a sale of such tangible personal property for the purpose of this act.” The necessary inference is that no other kind of construction contract, as that term is defined, is to “constitute a sale of such tangible personal property for the purpose of this act.” Rule No.^27 of the Tax Commissioner, as applied in the instant case, is merely a statement of that necesssary inference.
The second transaction of appellant’s business comes within the foregoing statutory definition of “a construction contract.” It was a contract, pursuant to which tangible personal property was to be incorporated into a structure on and a part of real property. However, it does not come within the foregoing statutory definition of the particular kind of construction contract which will involve a sale of tangible personal *403 property, because the consideration for such incorporation was not “agreed upon, charged or paid separately from the consideration for the performance of the other obligations of” the contract. It therefore represents another kind of construction contract, which will not constitute a sale within the meaning of the Sales Tax Act. It necessarily follows that such second transaction did not constitute a sale within the meaning of the Sales Tax Act; that the ornamental iron manufactured by appellant was not “produced for sale” within the meaning of the Sales Tax Act; and that, as a consequence, the first transaction was not excepted from the definition of ‘ ‘ retail sale ’ ’ and was taxable. See Volk v. Evatt, Tax Commr., 142 Ohio St., 335, 52 N. E. (2d), 338.
This consequence follows whether the second transaction was or was not one in interstate commerce or was or was not one which took place in Ohio. Therefore, it cannot be said that a levy on the first transaction, which was obviously an Ohio transaction, could in any way discriminate against interstate commerce or in favor of intrastate commerce.
Appellant argues that, since the second transaction was in interstate commerce and was completed outside of Ohio, the state of Ohio could not look at that second transaction, in order to determine whether an Ohio tax should be imposed upon the first transaction. However, Ohio did not do this. It imposed a tax on the first transaction, because appellant did not establish that the second transaction was a “sale” within the meaning of the Sales Tax Act. In other words, it was only appellant which had any interest in looking at the second transaction, wherever or however it occurred. Appellant might have looked at it and described and relied upon it in order to establish that the first transaction was excepted from the tax. If *404 appellant did not, it could not establish that the first transaction was excepted from the tax, and that transaction would then be taxable.
Section 5546-2, General Code, provides in part: “For the purpose of the- proper administration of this act and to prevent the evasion of the tax hereby levied, it shall be presumed that all sales made in this state are subject to the tax hereby levied until the contrary is established.” (Emphasis added.)
Thus, the burden was on appellant to establish that the first transaction, which was wholly an Ohio transaction and admittedly a sale, was not subject to tax; and, in doing so, to establish that it came within the exception in the definition of “retail sale.” This appellant failed to do.

Decision affirmed.

Weygandt, C. J., Hart, Zimmerman, Stewart and Lamneck, JJ., concur.