**C. M. HARDING, d/b/a Harding Masonry Construction Company, Plaintiff in Error,**

v.

**OKLAHOMA TAX COMMISSION, J. D. Dunn, Chairman, and L. L. Leininger and M. C. Connors, Members of the Oklahoma Tax Commission, Defendants in Error.**

No. 36254.

Supreme Court of Oklahoma.

Oct. 5, 1954.

Clarence E. Nichelson, Tulsa, for plaintiff in error.

R. F. Barry, E. J. Armstrong, W. F. Speakman, Oklahoma City, for Oklahoma Tax Commission.

W. Otis Ridings, Norman E. Reynolds, Oklahoma City, amici curiae.

WILLIAMS, Justice.

This is an appeal by C. M. Harding, d/b/a Harding Masonry Construction Company, hereinafter referred to as protestant, from an order of the Oklahoma Tax Commission, hereinafter referred to as Commission, denying his protest of the assessment of use taxes against him on certain materials purchased outside Oklahoma.

Protestant is a contractor engaged in contracting for brick and masonry construction work. He entered into contracts to furnish materials and supplies and do work and labor on certain construction jobs for the City of Tulsa, the City of Lawton, the Veterans' Administration, the Public Service Company of Oklahoma, and the B. F. Goodrich Company. Under each of the contracts he was to furnish labor and material for a lump sum. In carrying out these contracts, protestant purchased material and supplies, consisting chiefly of fire brick and fire clay, from firms outside Oklahoma and had the same brought into this state by common carrier, unloaded upon the jobsite and used the same in carrying out the provisions of his contracts.

Protestant filed a protest of the proposed assessment of the 2% use tax against him on the aforesaid purchases of materials, which protest was denied by the commission and an order entered assessing the 2% use tax, with penalties and interest. Protestant appeals on the ground that the Use Tax Act, chapter 29 of Title 68, Oklahoma Statutes 1951, makes no provision for the payment of such tax on such purchases and transactions.

The use tax in question is imposed by virtue of the provisions of 68 O.S.1951 § 1310a, which reads in pertinent part as follows:

"There is hereby imposed and there shall be paid by every person storing, using or otherwise consuming, within this State, tangible personal property purchased or brought into this State on or after June 1, 1945, an excise tax on the storage, use, or other consumption in this State of such property at the rate of two (2%) percent of the purchase price of such property".

The statute further provides in 68 O.S. 1951 § 1310c, that the provisions of the act (Use Tax Act) do not apply in respect to the use of tangible personal property purchased for resale before being used or in respect to the use of tangible personal

property now specifically exempted from taxation under the laws of this State levying a sales' or consumers' tax upon the sale of such property.

■ The only question presented by this appeal is whether protestant uses or otherwise consumes the materials in question, and is thereby liable for the payment of the use tax on the purchase thereof, or whether the materials in question were purchased by protestant for resale before being used, and are therefore not subject to such tax.

As previously indicated, the materials in question consist of fire brick, fire clay, cement, tile, block insulation and similar materials. All these materials were used in the construction of the various installations called for by protestant's various contracts. In connection with the City of Lawton contract, protestant constructed an airplane hangar using some of the materials in question. In the case of the Public Service Co., of Oklahoma contract, which was a sub-contract, protestant constructed a complete new masonry setting for two boilers, except for the roof, using some of the materials in question for such construction. In the case of the B. F. Goodrich Company contract, another sub-contract, protestant rebuilt furnace side walls on two boilers, using some of the materials in question in such construction. All of the material in question was used in a similar manner in one of the various contracts or sub-contracts entered into by protestant.

Under such circumstances protestant's contention that he did not use or consume the materials in question but rather purchased them for resale would not appear to be meritorious.

Protestant did not contract to sell the City of Lawton a specified amount of cement, tile, lumber, etc.; rather, he contracted to and did construct an airplane hangar. If there was any contract of sale at all, it was for the sale of a completed hangar and not for the sale of the various materials used in the construction of such hangar.

The precise question does not appear to have ever been before this court before, but we find numerous authorities from the other jurisdictions.

In City of St. Louis v. Smith, 342 Mo. 317, 114 S.W.2d 1017, 1019, the Supreme Court of Missouri had before it a similar question with regard to a contractor who contracted with the City of St. Louis to furnish all work and material for a lump-sum in the construction of paving, a sewer, and a hospital. In the opinion rendered therein the court said:

"(1) It is clear from these statutory provisions that where one buys tangible personal property for his own use or consumption he is liable for the tax. On the other hand, it is equally clear that where one buys tangible personal property for the purpose of resale he is not liable for the tax. In this case, the contractors agreed with the city to furnish all labor and material necessary to construct, and to construct, the improvement in question for a fixed sum of money. It was necessary for the contractor to purchase and use all material necessary to complete said work in order to be in a position to deliver to the city a completed structure as provided in the contract. Our judgment is that it cannot be said by the contractor that he resold the materials to the city for its use, and did not use or consume them in the performance of his contract. We are not without authority on this question. In the case of State v. Christhilf, 170 Md. 586, 185 A. 456, 458, that court said: 'It is the contractor or builder who is the ultimate user or consumer of the materials which in one of these cases are converted and fabricated into a building and in the other into a road.'

"Another authority, State v. J. Watts Kearny & Sons, 181 La. 554, 160 So. 77, 79, is to the same effect. Speaking of sales of materials to contractors, that court said: 'His undertaking is to deliver to his obligee some work or edifice or structure, the construction of which requires the application of skill and labor to these materials so that, when he finishes his task, the materials pur-

chased are no longer to be distinguished but something different has been wrought from their use and union. The contractor has not resold, but has consumed the materials. Sales to contractors are sales to consumers.'

"Again the case of York Heating & Ventilating Company v. Flannary, 87 Pa.Super. 19, that court said of the installation of a blower and heating system by contract: 'The contract in suit in no sense was a contract of sale. It was a construction contract. * * * It would be just as proper to call a contract for the construction of a building, a sale of the stone, brick, cement, wood, etc., which entered into the erection of the building.'

"In 23 R.C.L., p. 1233, § 49, the law is thus stated: 'A contract to do certain work on a building and to supply the requisite material is not a contract of sale of such material within the statute of frauds; so a contract to furnish material, and, after performing labor thereon, attach it to the realty, as a part of the building in the course of construction, is not a sale of goods or chattels.'

"(2) In our judgment the contractors in this case did not buy the materials in question for the purpose of reselling such materials to the city. They were under contract to deliver to the city a finished product. It was the inseparable commingling of labor and material that produced the finished product. Our conclusion is that the contractors used and consumed the material in order to produce the finished product in compliance with their contract. Since the contractor used and consumed the material, they and not the city are primarily liable for the one per cent. sales tax. The sale of the materials by the dealer to the contractors was the taxable transaction, and it was the duty of the dealer to collect the tax from the contractors at the time the sale was made."

Similar holdings are found in Albuquerque Lumber Co. v. Bureau of Revenue of New Mexico, 42 N.M. 58, 75 P.2d 334, Duhmae v. State Tax Commission, 65 Ariz. 268, 179 P.2d 252, 171 A.L.R. 684, Craftsman Painters & Decorators, Inc., v. Carpenter, 111 Colo. 1, 137 P.2d 414, Townsend Electric Co., v. Evans, 193 Tenn. 536, 246 S.W.2d 967, Atlas Supply Co. v. Maxwell, 212 N.C. 624, 194 S.E. 117, Volk v. Evatt, 142 Ohio St. 335, 52 N.E.2d 338, and State v. Christhilf, 170 Md. 586, 185 A. 456.

■ Protestant suggests that it was not the intention of the legislature that purchases and transactions such as those involved here be subject to the use tax. We cannot agree. The use tax is an excise tax which the state is authorized to exact and in connection with the Sales Tax Act it has for its primary purpose raising revenue for state purposes. It is particularly designed to prevent consumers escaping payment of the sales tax by going outside the state and purchasing tangible personal property and bringing same into the State for their use or consumption. Oklahoma Tax Commission v. Sisters of the Sorrowful Mother, 186 Okl. 339, 97 P.2d 888.

■ Under the specific provisions of the Sales Tax Act, 68 O.S.1951 § 1251c, had protestant purchased the materials in question within this state such purchase would have been subject to the two percent sales tax levy. We are of the opinion that it was the intention of the legislature, as expressed in the Act under consideration, that the purchase of tangible personal property outside this state be subject to payment of the use tax if such property would have been subject to the sales tax had it been purchased within the state.

■ We are of the opinion and hold that protestant was a user and consumer and not a vendor of the materials herein involved used by him in carrying out the provisions of his various lump-sum contracts.

Since we find no error in the order appealed from, it is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD and BLACKBIRD, JJ., concur.