ROBINSON & HALE, INC., v. EUGENE G. SHAW, COMMISSIONER OF
REVENUE, STATE OF NORTH CAROLINA.

(Filed 30 June, 1955.)

**1. Taxation § 30—**

A resident who sells pre-cast septic tanks and component parts thereof at retail within this State for installation within this State is liable for sales tax under Article V, Schedule E, of the Revenue Act under the comprehensive definition contained in G.S. 105-167, such sale not being within the exemptions set forth in G.S. 105-169.

**2. Same—**

It is a matter of common knowledge that the imposition of our sales tax tended to encourage residents to make out-of-state purchases, and the history of the enactment of the sales and use taxes indicates a legislative intent to impose by the use tax the same burdens on out-of-state purchases as are imposed on purchases within the State by the sales tax.

**3. Same—**

Where the retail sale of building materials in this State comes within the purview of G.S. 105-167, the seller may not contend that he is not subject to the sales tax because G.S. 105-187 imposes upon the purchaser a use tax on such materials, since the use tax does not apply in such instance, but only when the materials have not been subjected to the sales tax against the seller.

APPEAL by plaintiff from *Fountain, Special Judge,* at January, 1955, Civil Term of FORSYTH.

Civil action to recover for sales taxes paid under protest, heard below upon an agreed statement of facts. These in gist are the material facts agreed:

The plaintiff, a North Carolina corporation engaged in selling septic tanks and component parts therefor, was assessed on the sales of these

articles. The sales were made in this State to property owners, contractors, and plumbers for installation and use in connection with buildings located within the State. The septic tank consists of a molded pre-cast concrete tank which, when installed, is buried outside the building and is connected therewith by cast iron or tile pipe running from the sewer system of the building to the inlet opening of the tank. The outlet side of the tank is connected to a nitrification line composed of tile pipe in a crushed stone filled underground line of varying lengths, depending on the size and needs of the system. In operation the main line carries wastes to the tank and also decomposition gasses back into the building from which the gasses are vented. The liquid wastes are dissipated through the nitrification line.

The plaintiff did not collect from the purchasers of the tanks any payments designated as sales or use taxes. There is no dispute as to the amount involved—$2,776.18. It is conceded that this amount was properly assessed against the plaintiff if the Sales Tax Act, G.S. 105-164 through 105-187, imposes upon the plaintiff liability for taxes on account of the sales here involved. Otherwise, the plaintiff is entitled to refund, with interest.

The court below concluded that the taxes were properly assessed, and from judgment entered in accordance with such ruling, the plaintiff appeals.

*Deal, Hutchins & Minor for plaintiff, appellant.*

*Attorney-General McMullan and Assistant Attorneys-General Lake and McGalliard for the State.*

JOHNSON, J. We have here for decision this question: Is one who sells pre-cast septic tanks and component parts therefor at retail within North Carolina for installation within the State liable for sales taxes under Article V, Schedule E, of the Revenue Act, G.S. 105-164 through 105-187? The court below answered in the affirmative, and we approve.

G.S. 105-168 imposes a general sales tax of three per cent of gross sales upon the seller at retail of tangible personal property within the State of North Carolina. The levy is upon the seller for the privilege of engaging in business. By the terms of G.S. 105-167, this levy applies to every person engaged in the business of acquiring "any articles of commerce and selling same at retail," and it extends to the sale of "any articles of commerce in any quantity . . . for any use or purpose on the part of the purchaser other than for resale"; subject, however, to certain exemptions provided for in the Act. Therefore the plaintiff is liable for three per cent of its gross sales of septic tanks and component parts unless these articles come within the exemptions designated in

the Act. The sales which are exempted are set forth in G.S. 105-169. Nowhere in this section, or in any other part of the Act, are septic tanks or component parts therefor exempted from the tax. Therefore the taxes here involved were properly assessed.

The plaintiff claims immunity from liability under the provisions of G.S. 105-187. This statute imposes a use tax on the purchaser of building materials, except with respect to materials expressly exempted. The plaintiff takes the position that septic tanks and component parts are building materials within the meaning of G.S. 105-187 and are subject to the use tax of three per cent imposed by this statute upon the purchaser, and that since the use tax is expressly levied against the purchaser, it follows that the sales of septic tanks and parts made by the plaintiff seller are not subject to the sales tax. We concur in the view that septic tanks and component parts are building materials, but we are constrained to reject the contention that such materials are not subject to the sales tax.

A study of the legislative history of G.S. 105-187 discloses a clear legislative intent to make out-of-state purchases of building materials, other than those expressly exempted, subject to the same burdens imposed by the sales tax on purchases within the State. The sales tax was first levied by Chapter 445, Public Laws of 1933. The original act is substantially the same as the present law, except there was no provision comparable to G.S. 105-187, and there was no general use tax. At that time none of our neighboring states levied a general sales tax. It is a matter of common knowledge that the imposition of our tax tended to encourage residents of this State to make purchases in adjoining states in order to escape payment of the tax. The first step toward curbing out-of-state purchases made for the purpose of tax avoidance was the inclusion in the Revenue Act of 1937 of a section virtually identical with G.S. 105-187 (Section 427, Chapter 127, Public Laws of 1937).

It is significant that the Revenue Act of 1937 also classified sales of certain building materials as wholesale sales, subject to tax at the wholesale rate only. (Public Laws of 1937, Chapter 127, Section 404 (4)). These were the same materials which were exempted from Section 427 of the Act which imposed the use tax on building materials. This classification in the 1937 Revenue Act of certain sales of building materials as wholesale sales shows clearly that the Legislature contemplated that the retail sales tax applied to sales of all building materials other than those expressly classified as wholesale sales.

Moreover, it is noted that the original statutory forerunner of G.S. 105-187, as well as the present statute itself, contained a provision making the statute inapplicable to articles already subjected to the payment of the sales tax.

These phases of the legislative history of G.S. 105-187 indicate a positive legislative intent to impose a use tax of three per cent on purchases of unexempted building materials when and only when such materials have not been subjected to the sales tax as against the seller. The conclusion is inescapable that under the facts here disclosed G.S. 105-187 may not be interpreted as exempting a North Carolina seller of building materials from the sales tax imposed by G.S. 105-168. Instead, it is manifest that G.S. 105-187 was intended to implement the provisions of G.S. 105-168 by curbing tax avoidance by means of out-of-state purchases of building materials. This interpretation is supported in principle by the decision in *Supply Co. v. Maxwell, Comr. of Revenue*, 212 N.C. 624, 194 S.E. 117. This case arose after the enactment of G.S. 105-187. Nevertheless, the Court held that the three per cent sales tax was properly assessed against the seller of plumbing and heating materials and supplies to contractors for installation in buildings.

For the reasons stated, the judgment below will be upheld.

Affirmed.