City Sales Tax — State Building — Construction The City of Norman can enforce its one-cent sales tax on the construction of state buildings on state grounds, said construction being done by a private contractor, where said grounds are within the city limits of the City of Norman. The Attorney General has had under consideration your letter dated January 15, 1968, which is as follows: "I am requesting an Attorney General's opinion as to whether or not the one cent Norman Sales Tax is applicable to the construction on Central State Hospital grounds. "The Cleveland County Community Health Center is being constructed on the grounds at Central State Hospital and the contractor bid the job believing that the Norman one cent sales tax would not apply. He formulated this belief because he had constructed several buildings on the University of Oklahoma grounds and the sales tax did not apply. "It may be that the distinguishing characteristic is that the hospital grounds have been annexed to the City of Norman and the University grounds, with the exception of the student union building, have not been annexed to the City of Norman. "Therefore my request boils down to this: Can the City of Norman, Oklahoma, enforce their one cent sales tax on the construction of state buildings on state grounds, said construction being done by a private contractor, when said grounds are within the city limits of the City of Norman, Oklahoma?" It should be first pointed out that, under these facts, it is of no consequence whether or not the grounds of Central State Hospital have been annexed to the City of Norman. Your question obviously concerns the purchase by the contractor of materials and supplies to be used in construction work on the grounds of said hospital. We assume such purchases were made within the boundaries of the City of Norman. This being so, it is immaterial whether such materials and supplies are used within or without such boundaries. Since the purchases were made within an area that is subject to Norman's one cent sales tax, then unless some factor of this particular transaction exempts the purchaser from the operation of the tax, he is liable for same. At our request you have furnished us a copy of the Norman Sales Tax Ordinance, which reflects on its face that same is codified as Chapter 23 of the Code of the City of Norman, Oklahoma, 1965. Section 23-5 of same provides in that part relevant to your question as follows: "There is hereby levied an excise tax of one (1) per cent upon the gross proceeds or gross receipts derived from all sales taxable under the sales tax law of Oklahoma, including but not exclusive of the following: "(k) For the purpose of this title, sales of services and tangible personal property made for the purpose of developing real estate even though such real estate is intended for resale as real property, are hereby declared to be sales to consumers or users. Sales of service and tangible personal property, including materials, supplies and equipment made to contractors who use same in the performance of any contract, are hereby declared to be sales to consumers or users and not sales for resale. Sales of tangible personal property to persons who are primarily engaged in selling their services shall be deemed sales to consumers or users and, therefore, taxable. . . ." The various sales subject to such tax that are set out in the section of the ordinance quoted in part above are identical to those enumerated in 68 O.S. 1304 [68-1304] (1967), which is a part of the Oklahoma Sales Tax Code. Sections 23-6 and 23-7 of the Code of the City of Norman set out the various sales and transfers that are specifically exempted from the sales tax. These sections are identical to Sections 68 O.S. 1305 [68-1305] and 68 O.S. 1305 [68-1305] [68-1305](a) of the Oklahoma Sales Tax Code. An examination of the sales and transfers exempted by such ordinances and statutes reveals that the State of Oklahoma and its various departments and agencies are not specifically afforded such exemption. Inherent in your question, however, is the further question of whether the fact situation outlined by you is one in which the sovereign's immunity controls, notwithstanding the fact that the relevant ordinances and statutes are silent in this regard. We think not. In Opinion No. 66-281, which was directed to the Director of the Industrial Development and Park Department, the Attorney General considered a similar question concerning whether or not the City of Norman, which had annexed the lands surrounding Little River State Park on Thunderbird Lake, was empowered to collect the city sales tax from concessionaires on the lake who were operating under a lease from said department. In answering that question in the affirmative, this office relied on the cases of Oklahoma Tax Commission v. Texas Co.,366 U.S. 342, 93 L.Ed. 721, 69 S.Ct. 561, and Southeastern, Inc. v. Oklahoma Tax Commission, Okl., 351 P.2d 739. Let us examine those decisions. The United States Supreme Court case involved a situation concerning certain Oklahoma statutes which imposed two taxes upon the production of petroleum within the state — one a tax on the gross value of production and the other an excise tax on every barrel of petroleum produced. The Oklahoma Tax Commission assessed both taxes against lessees of mineral rights in allotted and restricted Indian lands The Oklahoma Supreme Court held the assessments invalid on the grounds that the lessee was an instrumentality of the federal government. The U.S. Supreme Court reversed the state court's decision. Note this language of paragraph seven of the syllabus of that opinion: "No implied constitutional immunity from local taxation is given to private persons for their ordinary business operations, even though they are performed in connection with governmental activities." In the Southeastern, Inc. case the Oklahoma Supreme Court reviewed a final order of the Oklahoma Tax Commission sustaining the assessment of use taxes. The question in that case was whether said corporation, which had contracted to construct an armed services housing project on the Altus Air Force Base, was subject to use tax on the purchase of tangible personal property outside the state for use in the construction of such project. It was the builder's contention that it had, in effect, become a quasi-federal instrumentality for the purpose for which it contracted with the federal government and, as such, was entitled to assert the federal government's immunity. The court rejected such contention, citing as authority the case of Oklahoma Tax Commission v. Texas Co., supra, and quoting the language therefrom which is quoted above. We think those decisions are controlling here. Under the facts outlined in your letter, the contractor performing the construction work at Central State Hospital is merely a private person performing his ordinary business operations. It is immaterial that such operations, in this instance, are performed in connection with a state governmental activity. Therefore, in answer to your question, the Attorney General concludes that the City of Norman can enforce its one cent sales tax on such construction work. (Charles L. Owens)