## MOBLEY v. BROWN et al.

No. 21835.   Opinion Filed Sept. 15, 1931.

Billups & Billups, for petitioner.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

RILEY, J. The State Industrial Commission found that Herman Brown on July 4, 1930, "was engaged in the operation of a hazardous industry subject to and covered by the provisions of the Workmen's Compensation Law of the state of Oklahoma, to-wit; delivering for the respondent on a motorcycle. That, arising out of and in the course of such employment with respondent herein, claimant sustained an accidental personal injury while making a delivery on his

motorcycle to a customer of respondent's on July 4, 1930, the nature of said injury being a broken right leg and two ribs broken."

The Commission awarded Herman Brown compensation for temporary total disability at the rate of $16.76 per week from date of injury until termination of the disability, or until otherwise ordered, and for medical expenses incurred.

The respondent seeks this review.

The record shows that Paul Mobley, on the date of July 4, 1930, operated a drug store in Oklahoma City, located at 18 Stiles Circle; that Herman Brown was employed in said business to make deliveries from said drug store; that he furnished his own motorcycle for such purposes, that while so engaged in making such deliveries, he ran into a street car and sustained personal injuries.

The issue presented is one of law. Does the employment of a delivery boy for a drug store come within the purview of the Workmen's Compensation Act as defined in sections 7283 and 7284, C. O. S. 1921, as amended by chapter 61, secs. 1, 2, S. L. 1923? We answer the inquiry in the negative. A drug store is not mentioned in the section cited, neither is a deliveryman. It must be borne in mind that the Workmen's Compensation Acts are in derogation of the common law, and while the law will be given a liberal construction in favor of the class for whom it was apparently enacted to protect, yet the courts are without authority to extend its operation to classes or persons beyond which the Legislature expressly or by implication designated. Mashburn v. City of Grandfield, 142 Okla. 247, 286 Pac. 789.

"Persons entitled to the benefits of the act should be favored by a liberal interpretation of its provisions, but for this very reason they should be held to strict proof of their title as beneficiaries." Harris v. Okla. Natural Gas Co., 91 Okla. 39, 216 Pac. 116; Plumb v. Cobden Flour Mills Co. (1914) A. C. 62, Ann. Cas. 1914B, 495; Ponca City v. Grimes, 144 Okla. 31, 288 Pac. 951.

The Legislature having failed to include the employment in a drug store, or the employment of one as a deliveryman, within the classes of employment to which the Workmen's Compensation Act applies, it follows that Herman Brown's cause was not governed by the Workmen's Compensation Act, and the Commission was in error in failing to sustain the motion to dismiss for want of jurisdiction.

It is urged that by reason of section 7295, C. O. S. 1921, this court should indulge the presumption, in the absence of proof to the contrary, that the business of Mobley was a wholesale drug business; that inasmuch as wholesale establishments are within the terms of the Workmen's Compensation Act, the award should be sustained. This we cannot do. Section 7295, C. O. S. 1921, provides for certain presumptions to be indulged in the absence of substantial evidence to the contrary. The only presumption said to be applicable here is "that the claim comes within the provision of this act." Now, there is in the record substantial evidence to the contrary. The whole testimony shows Mobley's place to be a drug store. The word "drug store" has acquired a common acceptation in this state as a retail store, whereas an establishment that deals in the sale of goods in gross to retailers usually is differentiated by use of the word "wholesale." There was evidence of a prescription clerk, and delivery of prescriptions by the injured claimant, which denotes the business as that of an ordinary drug store.

"It seems to be settled * * * that where evidence of a fact capable of proof was not offered * * * because the fact was tacitly and fully conceded, it is too late to raise such a question for the first time on appeal." Union Pet. Co. v. O., N. M. & P. Ry. Co., 114 Okla. 21, 242 Pac. 1027.

It was unquestionably tacitly conceded in the presentation of this case to the Industrial Commission that the business being conducted by Mobley was a retail drug store.

The fact that power-driven machinery was used (i. e., the motorcycle being driven by power) does not constitute the drug store a workshop so as to bring it within the provision of the act, nor does the use of electric refrigeration, an ordinary "Frigidaire." Although delivery of prescriptions by motorcycle may, in fact, be hazardous, such employment does not come within the terms of the act until made to do so by statute.

The burden of proof showing jurisdiction of the State Industrial Commission is upon the claimant, and in order to sustain such burden it is incumbent upon the claimant to establish that the employment in which he is engaged is one of those provided for in the act. When such employment is established, then under the provisions of section 7295, C. O. S. 1921, it may be presumed, in the absence of substantial evidence to the contrary, that the employer is carrying on a business that comes within the provisions of the act. But such a presumption is not indulged and cannot be indulged until the jurisdictional fact is established that the em-

ployment out of which the injury grew was one of those classes to which the act applies.

The claim is to be dismissed.

HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., concurs in conclusion. LESTER, C. J., dissenting. CLARK, V. C. J., not participating.

---

LESTER, C. J. (dissenting). It is with reluctance that I file a dissenting opinion, for I am aware that our reports are already burdened with dissenting opinions. Herein I shall, as briefly as possible, express my reasons for dissenting to the majority opinion.

Section 7295, C. O. S. 1921, provides in part:

"In any proceeding for the enforcement of a claim for compensation under this act, it shall be presumed in the absence of substantial evidence to the contrary:

"1. That the claim comes within the provisions of this act. * * *"

The above provision was given emphasis by this court in the case of Dillon v. Dillman, 133 Okla. 273, 272 Pac. 373. This court in that case said:

"The question raised here was not presented to the Commission. It was not contended before the Commission that the occupation was not hazardous, but is raised for the first time in this court. * * * So the presumption that the claim comes within the provisions of the act must prevail. There was no testimony to the contrary. Petitioners did not contend before the Commissioners that this was not a hazardous employment. Respondent in his brief states that he could have presented more testimony as to his employment, although there was no evidence presented by petitioners in the court below to the contrary. We think the evidence was sufficient to sustain the finding of the State Industrial Commission that the respondent was engaged in a hazardous employment."

In the instant case the employer did not offer any evidence before the Industrial Commission that the claim did not come within the provisions of the Workmen's Compensation Act. Section 7295, supra, does not say that the presumption may be overcome by some evidence, slight evidence, or any evidence, but in the absence of substantial evidence to the contrary the presumption prevails that a claim comes within the act. I see no reason for applying the above rule in the case of Dillon v. Dillman, supra, and in refusing to apply the same rule in the instant case.

The employee was injured while riding a motor-driven machine used by his employer in delivering merchandise sold at a profit. Human toll in industry has always been heavy. Industrial organizations are continuously causing the employment of an ever increasing number of persons to facilitate the needs of their organizations. Workmen's Compensation Laws have been passed to compensate as nearly as possible for the injuries caused to persons employed in the industries. These laws are to be construed in the spirit that wrought their enactment, to wit, that industry should bear the cost of the injuries to its employees therein.

In the instant case the employer testified that the use of motorcycle-driven machines was employed by him for the reason that they insured rapid and speedy delivery of merchandise sold by him.

The record does not show whether or not the employer ran a wholesale drug store. If he did, he is within the act; if he did not, it was his duty to show by substantial evidence that the claim did not come within the presumption of the Workmen's Compensation Act.

In this case the employee was a youth of the age of 19 years, so that we at once see that a machine unprotected from danger to the rider, rapid in speed, was furnished a youth in order to deliver merchandise through the congested traffic of a large city for the purpose of making profit for his master, and when this youth was struck down by traffic and his back and limbs broken, the employer attempts to coolly withdraw from his responsibility and leaves the wreck of youth to struggle unaided and alone.

The majority opinion ignores the doctrine laid down in the case of Dillon v. Dillman, 133 Okla. 273, 272 Pac. 373, construing section 7295, C. O. S. 1921. The court should not have entered into mere speculation that the petitioner was engaged in the business of a retail drug store, and, therefore, the dismissal of the claim of the employee; it should at least send the case back to the Industrial Commission to take evidence on that point. In my judgment the award should be affirmed. I, therefore, dissent.

Note.—See under (2) annotation in L. R. A. 1916A, 215; 1917D, 89; 7 A. L. R. 1305; 13 A. L. R. 1386; 28 R. C. L. 755; R. C. L. Perm. p. 6201; R. C. L. Pocket Part, title Workmen's Compensation, § 50.