## EDUCATIONAL FILM EXCHANGE, Inc., et al. v. WATSON et al.

No. 22121. Opinion Filed Jan. 19, 1932.

Rehearing Denied Feb. 9, 1932.

H. C. Thurman and Byrne A. Bowman, for petitioners.

J. Berry King, Atty. Gen., and R. D. Crowe, Asst. Atty. Gen., for respondents.

LESTER, C. J. This is an original action

276

to review the award of the State Industrial Commission in favor of the claimant for accidental injury which resulted in severe injuries to the claimant.

Petitioners complain of the award, assigning several specifications of error, only two of which are necessary to a determination of the proposition here presented:

"The Commission erred in overruling the respondent's and insurance carrier's motion to dismiss the claim for want of jurisdiction, claimant's employment not being embraced within the provisions of the Workmen's Compensation Law."

"The Commission had no jurisdiction of the claimant's claim for the reason that his employment was not covered by the Workmen's Compensation Law."

It appears from the evidence that the employer in this case has a storage in its office in Oklahoma City where a large quantity of films which were shown from time to time by the various theaters in this state with which said employer had a contract. Under this contract the individual theaters did not acquire title to the films; but they had a right to use the various films, which they displayed to the public in their theaters, and it was the business of the employer to deliver, either by automobile, parcel post, or express, the films to the individual theaters. The claimant used his own car in this business, but was paid by the employer for such use the sum of $7.50 per week. He used his car in making deliveries of films to various theaters in this city; to theaters in other cities in the state; and to the post office and perhaps on occasions to the express office. It was also a part of the duties under his employment to check the films that were returned after being used by the theaters and to carry and place the large cans containing films in storage vaults. He also was required to place and handle large boxes of advertising material which was furnished from time to time to the theaters in connection with the films. He was also required, occasionally, to box, handle, and store films which were returned to Eastman Kodak Company, and these boxes weighed from 250 to 300 pounds. On October 10, 1930, the claimant was driving his car to Chickasha to get a film that night after it had been shown in a theater and to ship it to Chandler, where it would be shown on the following day. On the road between Oklahoma City and Chickasha his car struck some loose gravel and turned over, injuring the claimant, and for these injuries the claimant claimed compensation.

The employer contends that he did not come within the terms of the Workmen's Compensation Act, and, therefore, the Commission had no jurisdiction to make an award to the claimant.

The claimant contends that the employer comes within the act for the reason that it is a business of that of wholesale mercantile establishment. As hereinbefore stated, the employer distributed films to be used by moving picture show owners, and these films, after being used by such show owners, were repossessed by the employer and again furnished to other show owners, and the question as to whether or not this plan of operation constituted the employer a wholesale mercantile establishment is determinative on the question of the jurisdiction of the Industrial Commission to make the award.

In the case of In re Imperial Exchange (C. C. A. 2nd Circ.) 198 Fed. 80, it appears that the business of the Imperial Film Exchange was the leasing of picture films to its customers. In the first paragraph of the syllabus in that case it is stated:

"A corporation engaged principally in the business of renting films for moving pictures is not engaged in trading or a mercantile pursuit which renders it subject to adjudication as an involuntary bankrupt under Bankr. Act July 1, 1898, c. 541, section 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423), as amended by Act Feb. 5, 1903, c. 487, section 3, 32 Stat. 797 (U. S. Comp. St. Supp. 1911, p. 1494)."

The following cases, in our judgment, are helpful in determining what the courts conceive to be mercantile pursuit.

"The word 'mercantile,' in its ordinary acceptation, pertains to the business of merchants, and has 'to do with trade or the buying and selling of commodities'." In re Cameron Town Mut. Fire, Lightning & Windstorm Ins. Co. (D. C.) 96 Fed. 756, 757.

"The words 'mercantile pursuits' may have a little broader signification than 'trading.' 'Mercantile' is defined by the Century Dictionary as 'having to do with trade or commerce; of or pertaining to merchants or the traffic carried on by merchants; trading; commercial.' It signifies for the most part the same thing as the word 'trading,' and by 'mercantile pursuits' is meant the buying and selling of goods or merchandise, or dealing in the purchase and sale of commodities, and that, too, not occasionally or incidentally, but habitually as a business." In re Pacific Coast Warehouse Co. (D. C.) 133 Fed. 749, 750 (citing In re New York & W. Water Co. (D. C.) 98 Fed. 711): In re Surety Guarantee and Trust Co. (D. C.) 121 Fed. 73, 75 56 C. C. A. 654.

The term "wholesale mercantile establishment," as used in the Workmen's Compensation Act of this state, requires a more enlarged degree of operation than that of being merely engaged in trading or mercantile pursuit, and, in our judgment, in the absence of a legislative definition of a wholesale mercantile establishment, we are compelled to follow the common acceptance of the term "wholesale mercantile establishment."

In the case of State v. Lowenhaught, 11 Lea (79 Tenn.) 13, it is held that a wholesale dealer is one whose business is the sale of goods in gross to retail dealers and not in small quantities. We think the above definition is such that is generally accepted by the public. In the instant case it is shown that the films were furnished the owner of a show to the extent of the particular use that was to be made of each separate film and that this system was uniform in its operation and, in our judgment, it did not constitute conducting a wholesale mercantile establishment within the common acceptation of that term.

The business of the employer was that of a distributing agency and in no manner constituted the conducting of a wholesale mercantile establishment.

The award is vacated, with instructions to dismiss the claim.

CLARK, V. C. J., and RILEY, HEFNER. CULLISON, SWINDALL, ANDREWS, Mc-NEILL, and KORNEGAY, JJ., concur.