## HAVENS v. STATE INDUSTRIAL COM. et al.

No. 22990. Opinion Filed April 5, 1932.

Abernathy & Howell, for petitioner.

J. Berry King, Atty. Gen., and R. D. Crowe, Asst. Atty. Gen., for respondents.

HEFNER, J. This is an original proceeding in this court by Roy Havens against the State Industrial Commission, Roberts Drug Company, and the Travelers Insurance Company to review an order denying his claim for compensation.

Claimant was employed by the drug company, which was engaged in the retail drug business in Oklahoma City, as a delivery boy and soda fountain clerk. On May 17, 1930, while returning on his bicycle from making a delivery, he was struck by an automobile and sustained injuries to his back and nose, and numerous cuts and bruises about his face and body.

At the conclusion of the evidence, the Industrial Commission sustained respondents' demurrer thereto on the ground that claimant was not engaged in a hazardous employment at the time he received his injuries. In our opinion, the ruling of the Commission is correct. Respondent drug company was engaged in the retail drug business and claimant was not employed in a hazardous occupation within the meaning of the Workmen's Compensation Act.

In the case of Mobley v. Brown, 151 Okla. 167, 2 P. (2d) 1034, this court held:

"The employment as a deliveryman for a drug store is not hazardous employment as contemplated by sections 7283 and 7284, C. O. S. 1921, as amended by chapter 61, secs. 1, 2, S. L. 1923."

The evidence discloses that the drug company kept an electric refrigerator behind its soda fountain, which was used as a cooling system in connection with its business, and that it also kept an electrically driven carbonator in the rear of the building, by the use of which carbonated water was carried through steel coils to the soda fountain in the front of the store, where claimant worked, and such water was used by him in mixing drinks.

It is the contention of claimant that, because the store was equipped with this electric machinery, it constituted a workshop within the meaning of section 7284, C. O. S. 1921, as amended by chapter 61, secs. 1, 2, S. L. 1923. We do not agree with this contention. At page 168, of Okla. Reports, in Mobley v. Brown, supra this court said:

"The fact that power-driven machinery was used * * * does not constitute the drug store a workshop so as to bring it within the provision of the act, nor does the use of electric refrigeration, an ordinary 'Frigidaire.' Although delivery of prescriptions by motorcycle may, in fact, be hazardous, such employment does not come within the terms of the act until made to do so by statute."

The mere fact that the store was equipped with electric appliances does not constitute the same a workshop within the meaning of the Workmen's Compensation Act. The order of the Industrial Commission is affirmed.

RILEY, SWINDALL, ANDREWS, Mc-

NEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.