## CROWN DRUG CO. et al. v. HOFSTROM et al.

No. 23178. Opinion Filed June 14, 1932.

H. C. Thurman and Byrne A. Bowman, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., C. B. Stuart, E. J. Doerner, and B. A. Hamilton, for respondents.

SWINDALL, J. This is an original proceeding in this court by petitioners to review an award made by the State Industrial Commission on the 20th day of November, 1931, in favor of claimant, John E. Hofstrom, allowing him compensation for certain injuries to his left leg and knee. There is no dispute over the fact that the claimant received an accidental personal injury arising out of and in the course of his employment with petitioner Crown Drug Company, nor is there any dispute over its extent, etc. The sole question raised is whether the facts showing the character of claimant's employment bring that employment within the terms and provisions of the Workmen's Compensation Law. The facts are clear. The Crown Drug Company is a chain drug store organization operating in Tulsa, Okla. Its primary business is the sale of drug store wares to the public. It maintains a warehouse in Tulsa where goods are collected from various manufacturers and jobbers, stored, then delivered to its several retail stores as needed by them. The claimant herein was an employee of the organization stationed at one of the retail stores; he reported for duty there each day and received his instructions at that place. His principal duty was that of delivering goods sold to customers of the store, and sometimes, about once a day, according to his tes-

timony, he was required to procure goods from the warehouse for the store. For these purposes he maintained and used a motorcycle. At the time he was injured he was returning upon his motorcycle from a delivery of goods sold by the retail store to one of its customers. An automobile struck the back end of his motorcycle and threw him on the street, breaking his leg.

The petitioners contend that the claimant was employed by a retail drug store and that such employment is not covered by the Compensation Law. The respondents contend that the claimant was employed by a wholesale mercantile establishment, and is therefore within the provisions of section 7283, C. O. S. 1921, as amended by section 1, ch. 61, Session Laws 1923, as follows:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit: * * * wholesale mercantile establishments. * * *"

They argue that reasonable men may differ under the evidence in this case as to whether or not the claimant was employed by a wholesale mercantile establishment as contemplated by the Workmen's Compensation Law, and that therefore there is presented by this record only a question of fact, and there being a finding of fact in favor of the claimant by the Commission, such finding of fact is conclusive. This court has upon numerous occasions held in cases where the facts establishing the characteristics of the employment were clear, that whether the employment is such as was contemplated by the Workmen's Compensation Law is a question of law. Drumright Feed Co. v. Hunt, 90 Okla. 277, 217 P. 491; Oklahoma Publishing Co. v. Molloy, 146 Okla. 157, 294 P. 112; Mobley v Brown, 151 Okla. 167, 2 P. (2d) 1034. Other cases have recognized the principle without expressing it. Maryland Casualty Co. v. Industrial Commission, 141 Okla. 202, 284 P. 644; Educational Film Exchange v. Watson, 154 Okla. 275, 7 P. (2d) 680. This court has further held, and we feel correctly, that the Workmen's Compensation Law recognizes the fact that the same employer may conduct different departments of business, some of which fall within the act and some of which do not. The legislative classification was based on the activities engaged in as reflecting the industrial risk and it is of little importance that the same employer engages under the same organization in various activities. Southwestern Grocery Co. v. Industrial Commission, 85 Okla. 248, 205 P. 929; Oklahoma

Publishing Co. v. Molloy, supra; and Maryland Casualty Co. v. Industrial Commission, surpa. In the Southwestern Grocery Company Case one employer was operating a retail grocery and a meat market in the rear of the store. The claimant was injured by a butcher knife which he was using while cutting chickens in a room adjoining the meat market The court stated that the fact that the employee operated an electric sausage grinder in the meat market did not render the entire store a workshop so as to bring it within the statute. It quoted with approval from the case of Wendt v. Industrial Ins. Commission (Wash.) 141 P. 311, to the same effect. In the Maryland Casualty Company Case the employer was operating a wholesale and retail meat market in the same store room. The claimant in that case worked in both departments. The court found that at the time of his injury he was engaged in the wholesale end, and therefore sustained the award for compensation. Syllabus paragraph 2 of that case reads in part as follows:

"Evidence held sufficient to sustain finding of State Industrial Commission that employee at time of injury was engaged in wholesale department of employer's wholesale and retail meat market business, and that he was therefore employed in a 'wholesale mercantile establishment'. * * *"

In the case at bar, whether or not the employer, Crown Drug Company, may be said to have been conducting a wholesale mercantile establishment, it is obvious that it was also conducting a retail business. The evidence is clear that at the time of his injury the claimant herein was engaged in work for the retail department. This case, then, is within the principles decided in the cases cited above and stands as if the claimant was employed solely by a retail drug store. The question with respect to a deliveryman for a retail drug store, who uses a motorcycle for making his deliveries, being engaged in a hazardous employment as contemplated by sections 7283 and 7284, C. O. S. 1921, as amended by chapter 61, section 1 and 2, Session Laws 1923, is settled in this jurisdiction by the case of Mobley v. Brown, 151 Okla. 167, 2 P. (2d) 1034. That case involved the exact employment involved in the case at bar, and this court held such employment to be outside the terms and provisions of the Workmen's Compensation Law. We think that decision correct and consider ourselves bound thereby.

For the foregoing reasons, we hold that the claimant, John B. Hofstrom, was not at

the time of his injury engaged in an employment covered by and subject to the provisions of the Workmen's Compensation Law.

The award of the State Industrial Commission is vacated and the cause remanded to said Commission, with directions to dismiss the same.

RILEY, HEFNER, CULLISON, ANDREWS. McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.