MONTGOMERY WARD & CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 33497. Feb. 23, 1949.

*203 P. 2d 432.*

Ames, Ames & Daugherty, of Oklahoma City, for petitioner.

Cheek, Cheek & Cheek, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, J. In this case the State Industrial Commission awarded compensation to Ora D. Gentry, hereinafter referred to as respondent, and against Montgomery Ward & Company, hereinafter referred to as petitioner, for temporary total and permanent partial disability to respondent's arm.

Petitioner brings the case here for review and challenges the award on the sole ground that the evidence shows respondent, at the time he sustained his injury, was not engaged in any employment defined as hazardous by the Workmen's Compensation Act, and that the commission was therefore without jurisdiction to award compensation. We think this challenge well taken.

The evidence shows that respondent sustained his injury on the 6th day of July, 1946, and that petitioner was at that time engaged in operating, maintaining and conducting a retail mercantile business in Oklahoma City, and that respondent sustained his injury while employed as a clerk and salesman in that business.

Respondent testified that on the day he sustained the injury he sold a large electric attic fan, a retail sale, to a customer of petitioner; that the fan was then crated in a paper crate and was located in petitioner's warehouse; that he entered the warehouse and loaded the fan on a push truck, and while transporting the fan on such truck for the purpose of delivery to the customer, the fan started to slip from the truck, and in attempting to hold the fan and keep it from falling he slipped and

struck his left elbow against an iron bar, causing an injury and disability to the arm. The evidence of respondent establishes that he sustained his injury while employed as a clerk in a retail mercantile store then being conducted by petitioner and while performing work in connection with such employment.

Employment in a retail mercantile store is not such an employment defined as hazardous by the Workmen's Compensation Act, 85 O.S. 1941 §2; Havens v. State Industrial Commission, 156 Okla. 160, 9 P. 2d 933; Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. 2d 294; Hurley v. O'Brien, 192 Okla. 490, 137 P. 2d 592.

Respondent in his brief 'relies on no specific or definite theory to sustain the award. He relies on several different theories. He points to no specific or definite hazardous employment in which he claims to have been engaged at the time he sustained his injury. He first contends that while petitioner's general business was that of a retail merchant, it was also engaged in a wholesale business, and that while his general employment was that of a clerk in the retail department of the store, he was also required to perform services in connection with the wholesale department. He next contends that petitioner maintained and operated, in connection with its business, a workshop, and that he sustained his injury while performing services in connection with and incident to the workshop. His final contention is that he was also required, as part of his duties, to operate an elevator, and that he sustained his injury while performing services in connection with the operation of the elevator.

The evidence does not sustain any of these contentions.

The commission, however, found in accordance with some of these contentions. It found:

"It is found and determined from the evidence in this case that claimant while in the employment of respondent sustained an accidental injury to his left arm. That while said claimant was employed generally as a retail salesman, yet by the terms and conditions of said employment claimant was required to go into the warehouse or workshop of respondent and receive and handle and transport therefrom, goods and merchandise in gross and in bulk, consisting of large heavy articles, and to transport same therefrom by means of push truck and elevator and to place same on the sales dock for delivery to purchasers. That said warehouse or workshop was a place where merchandise was handled in gross and in bulk and was unpacked, processed and adapted for sale. That while so engaged in performance of his duties of employment outside and beyond his regular duties as a retail salesman and outside of his regular retail department and while engaged in manual labor in respondent's warehouse in handling and transporting a large heavy electric attic fan in crate, claimant accidentally struck his left elbow against an angle iron and sustained injury and damage to his left arm."

The evidence sustains the finding as to respondent's general employment. Respondent, however, urges that in addition to maintaining and operating a general retail store, petitioner also conducted a wholesale business, and that he was also, as part of his duties, required to make wholesale sales. Respondent, however, concedes that petitioner did not maintain, in connection with its retail business, a distinct and separate wholesale department, and also concedes that petitioner was not generally engaged in the business of making sales in large quantities to others for resale. However, he points to the evidence which shows that petitioner had several customers (the evidence shows five in number) who occasionally purchased supplies from petitioner in large quantities, one of whom was the owner of a large fleet of trucks and who purchased supplies from petitioner in large quantities for his own use and consumption in connection with his business. The other four customers

consisted of plumbers and building contractors who bought supplies from petitioner in large quantities, almost entirely for their own use and consumption in fulfilling construction contracts. In each instance, however, such customers were charged the regular retail prices, and in addition thereto petitioner charged and collected the regular two per cent sales tax. No sales were ever made to any of such customers at wholesale prices. The mere fact that such sales were made to these customers in large quantities does not in itself establish that petitioner was engaged in the wholesale mercantile business. Hurley v. O'Brien, supra. Moreover, the evidence in this case shows that respondent sustained his injury while performing services in connection with making a retail sale. Even if we should hold that these occasional sales in large quantities constitute wholesale sales, it would avail respondent nothing, as the evidence is conclusive that he did not sustain his injury while performing services in making such sales. Crown Drug Co. v. Hofstrom, 158 Okla. 27, 12 P. 2d 519; Spivey & McGill v. Nixon, 163 Okla. 278, 21 P. 2d 1049. The evidence also sustains the finding of the commission that respondent, on the date he sustained his injury, was required to enter and perform manual labor in the warehouse of petitioner. The evidence shows that petitioner maintained a warehouse in connection with its business for the purpose of storing merchandise to be used as needed in connection with its retail trade; that respondent entered the warehouse and loaded the fan on the push truck for transportation and delivery to his customer. There is, however, no evidence to sustain the finding that petitioner maintained a workshop in the warehouse. There is no evidence that machinery of any kind was used, operated or employed in the workshop, nor is there any evidence that any work was performed in the warehouse which required the use of machinery.

Respondent finally asserts that on the date he sustained his injury he was required, as part of his duties, to operate a freight elevator, and that the operation of a freight elevator constitutes an employment defined as hazardous by the Workmen's Compensation Act. In support of this contention he relies upon the case of Oklahoma Natural Gas Co. v. Nickens, 199 Okla. 622, 189 P. 2d 184, and asserts that the evidence in the instant case brings it within the rule there announced. We do not agree. In that case it appears that the gas company was the owner of a large office building in which it maintained an engineering department. It also operated and maintained in connection with its business a workshop in which power-driven machinery was used. It also operated in connection with its business a freight elevator. The claimant was employed as a janitor and employee of the engineering department. His main and chief duty was to operate the elevator in an office building, which is a hazardous employment under Title 85 O.S. 1941 §2. On the day he was injured, he ran the elevator to the top floor of the building and with another man went to the attic to bring down some large heavy boxes to load on the elevator, and while engaged in bringing the boxes down the attic stairway he fell and injured himself.

No such state of facts is shown in the instant case. There is no evidence to the effect that respondent's chief duty was to operate the elevator or that he ever had done so, nor is there any evidence that he did operate, or was required as a part of his duties on the day he sustained his injury to operate, the elevator. The only evidence offered in support of this contention consists of evidence of respondent. He testified that on the day he sustained the injury he went to the warehouse, loaded the fan on the push truck for the purpose of transporting it to the elevator in order to have it sent down to the

dock for delivery to his customer; that his duty was to see that it was sent down and delivered to the customer. He does not testify that he was personally required to take the fan down on the elevator or that he intended to do so. The evidence is insufficient to establish that respondent, as a part of his duties, was required to operate the elevator.

While respondent, at the time he sustained his injury, was engaged in performing manual labor, he was not performing such labor in connection with any industry, plant, factory, or trade defined as hazardous by the Workmen's Compensation Act. 85 O. S. 1941 §2. He was therefore not entitled to recover compensation. Furrow & Co. et al. v. Miller et al., 188 Okla. 199, 107 P. 2d 193; City of Hobart et al. v. Wagoner et al., 191 Okla. 689, 132 P. 2d 926.

Award vacated.

ARNOLD, V.C.J., and WELCH, CORN, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.