James P. MITCHELL, Secretary of Labor, United States Department of Labor, Appellant,

v.

OREGON FROZEN FOODS COMPANY and Ore-Ida Potato Products, Inc., Appellees.

No. 15579.

United States Court of Appeals Ninth Circuit.

Sept. 24, 1958.

Stuart Rothman, Solicitor, Bessie Margolin, Asst. Solicitor, Sylvia S. Ellison, Lawrence P. Hochberg, Attys., Dept. of Labor, Washington, D. C., Kenneth C. Robertson, Regional Atty., Dept. of Labor, San Francisco, Cal., C. E. Luckey, U. S. Atty., Portland, Or., for petitioner.

Gallagher & Gallagher, Martin P. Gallagher, Ontario, Or., for respondents.

Before FEE and CHAMBERS, Circuit Judges, and CHASE A. CLARK, District Judge.

PER CURIAM.

■■ The petition for rehearing assumes that this Court has followed an incorrect approach and has held that the findings of the trial court were affirmed because not found clearly erroneous. We take our stand firmly upon the findings of fact and the able opinion of the District Judge, which clearly interprets the statute in the light of the facts so found. Mitchell v. Oregon Frozen Foods Company, 145 F.Supp. 157, 162–163. But this Court simply found that the interpretation of the clause of the statute relating to "first processing," [1] in view of the facts found in the record, was correct. We do not view the ruling as applicable only in this case, but as an interpretation universally valid when such a state of facts arises. However, an interpretation cannot be made without facts. The interpretation placed upon such facts relating to the fruit and vegetable industry by a judge fully cognizant of the problems of farmers and orchardists in an agricultural area is entitled to high respect. It has heretofore often been pointed out that Congress attempted to alleviate the

1. 29 U.S.C.A. § 207(c).

burdens placed upon farmers and orchardists by exceptions of which this clause is an example.[2] The processor does not pay the toll of the statute. Therefore, the exception is for the benefit of the producer.

The stock argument that one claiming an exemption must bear the burden of proof to show that it is applicable on the facts is entirely inconsistent with the argument that the findings of fact can have no weight in the interpretation of the language. In this area, the appellate courts have consistently given weight to interpretations by the trial judges familiar with conditions.

There is nothing in our decision in Union Pacific Railroad Company v. Ore-Ida Potato Products, Inc., 9 Cir., 252 F.2d 505, which is applicable here. It was there held that potatoes which were washed, peeled, sliced, steamed or washed, oil blanched at 350° Fahrenheit, for one and one-half minutes and then quick frozen, were not "Vegetables, fresh or green, cold pack (frozen fresh or green vegetables either sweetened or not sweetened)," within the tariff prescribing shipment rates for such vegetables. We there held the findings of the trial court "contrary to the undisputed evidence" and "clearly erroneous." In a footnote we pointed out that decisions under the clause here under consideration were not "particularly helpful" in deciding that case.[3] Markedly, that tariff declares "vegetables" are "fresh or green" although "frozen." The essence of that opinion is that "Frozen vegetables which have been partially cooked and are no longer wholly raw are not frozen fresh vegetables." We affirm that decision. The usages of trade are in accord.

The attempt to import into this field questions relating to business establishments and independent contractors illustrates the fact that the government agency has never appreciated the purpose of Congress to alleviate the weight of the provisions of the act in reference to farmers and orchardists.

"First processing" should not apply to picking, gathering, digging of vegetables or fruits. It certainly is absurd to say it is accomplished by storing, as appellant seems to urge. It would be likewise a perversion to say that "storing" in a cool place was processing. If the cold be mechanically applied, no difference is apparent. If the temperature be artificially created so the product is frozen, still no processing has been accomplished. No significant change has taken place. Until such a change takes place, there is no processing. Cooking in oil might well be held to be processing. But that question is not before us. The whole emphasis of the clause in question is upon the words "first processing." Neither freezing nor subjection to steam is processing in common acceptance of the term or in trade usage. Decay is stopped by such methods, but there is no essential change such as is attained by the manufacturing process of blanching in oil. We do not rely upon dictionary definition, as it is believed that stored apples subject to refrigeration are not, in either vulgar or trade usage, described as "processed." Likewise, frozen fresh strawberries are not viewed as processed by the consumer. "Process" is defined by the dictionary as "to subject to some special process or treatment, as in the course of manufacture."

We affirm our holding, deny the petition for rehearing and reject the suggestion of a rehearing en banc.

2. Walling v. California Conserving Co., D.C., 74 F.Supp. 182, 184, affirmed sub nom. McComb v. Hunt Foods, Inc., 9 Cir., 167 F.2d 905, 906, certiorari denied, 335 U.S. 845, 69 S.Ct. 69, 93 L.Ed. 395; McComb v. C. H. Musselman Co., D.C., 74 F.Supp. 185 (sustained by the Court of Appeals for the Third Circuit, although there is no reported opinion); Hendricks v. Di Giorgio Fruit Corporation, D.C., 49 F.Supp. 573, 576.

3. Union Pacific Railroad Company v. Ore-Ida Potato Products, Inc., 9 Cir., 252 F.2d 505, 508, note 8.