Herbert VIETH, Alvin Vieth, Elmer Vieth and Milton Vieth, a co-partnership doing business under the trade name of Vieth Brothers Machinery Company, Petitioners,

v.

Rena Amy COOK, Administratrix of the Estate of Kilman Cook, deceased, and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 37878.

Supreme Court of Oklahoma.

Oct. 14, 1958.

Louis V. Woodruff, Kingfisher, J. I. Gibson, Oklahoma City, for petitioners.

Cargill, Cargill & Chiaf, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Justice.

On July 21, 1943, Kilman Cook, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Vieth Brothers Machinery Company he sustained an accidental injury arising out of and in the course of his employment when he injured his back. On the 21st day of June 1957, the State Industrial Commission entered an award in part as follows:

"That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, within the terms and meaning of the Workmen's Compensation Law, on June 1, 1953, consisting of injury to his left hip.

\* &ast; &ast; &ast; &ast; &ast;

"That as a result of said injury, claimant has sustained 10 per cent permanent partial disability to his body for which disability claimant is entitled to compensation for 50 weeks at $25.00 per week, or the total amount of $1250.00 of which same has accrued."

On the 15th day of February 1954 claimant died and the cause was revived under the proper provisions of the statute, 85 O.S.1951 § 1 et seq. This proceeding is brought by the employer hereinafter called petitioner, against the administratrix of the estate of claimant to review the award. Kilman Cook is still referred to herein as claimant.

Claimant testified that at the time of the accidental injury he had been employed by petitioner for fourteen years. His work included doing anything about the place he was required to do. He helped to operate the machinery and used the power tools at times. He was a handy man. The record further discloses that petitioner operated a retail mercantile store where it sold farm machinery. Across the street from this building it also operated a repair shop where power driven machinery was used. This repair shop constituted a workshop where machinery was used within the meaning and definition of 85 O.S.1951 § 3, subd. 11. One of the members of the petitioner partnership testified that claimant was a truck driver.

At the time of the accidental injury claimant had gone to Blackwell, Oklahoma, to deliver a new tractor which had been sold to a customer and was in the process of chaining down to the truck a second-hand tractor, traded in by the customer, which had already been loaded by the purchaser or one of the partners or both, for the purpose of returning it to the place of business of petitioner.

The cause and extent of the disability are not at issue. The sole issue presented by the petitioner is that the State Industrial

Commission was without authority to enter an award for the reason that the employment of claimant was not in one of the lines or industries listed as hazardous within the meaning of 85 O.S.1951 § 1 et seq.

Employment in a retail mercantile establishment is not such an employment defined as hazardous by the Workmen's Compensation Law. 85 O.S.1951 § 2; Oklahoma Tire & Supply Co. v. Summerlin, Okl., 290 P.2d 403; Montgomery Ward & Co. v. State Industrial Commission, 201 Okl. 165, 203 P.2d 432; Havens v. State Industrial Commission, 156 Okl. 160, 9 P.2d 933; Veazey Drug Co. v. Bruza, 169 Okl. 418, 37 P.2d 294; Hurley v. O'Brien, 192 Okl. 490, 137 P.2d 592.

Claimant argues that the evidence discloses that he was an employee of the workshop where machinery was used. Even if we should hold that he occasionally worked as an employee of the workshop of petitioner it would avail claimant nothing as the evidence is conclusive that he did not sustain his injury while performing services incident to and in connection with an employment in a workshop. Montgomery Ward & Co. v. State Industrial Commission, supra; Crown Drug Co. v. Hofstrom, 158 Okl. 27, 12 P.2d 519; Spivey & McGill v. Nixon, 163 Okl. 278, 21 P.2d 1049.

Since claimant was not injured while performing any duties incident to and connected with one of the employments in the lines of business or industries covered by the Workmen's Compensation Law, supra, the State Industrial Commission was without authority to enter an award for the injury he sustained.

The award of the State Industrial Commission is vacated and the cause is remanded to the State Industrial Commission with directions to dismiss the claim.

WELCH, C. J., DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

CORN, V. C. J., and JOHNSON and CARLILE, JJ., dissent.