Don LEWIS, Petitioner,

v.

MONTGOMERY WARD AND COMPANY and the State Industrial Court of the State of Oklahoma, Respondents.

No. 39712.

Supreme Court of Oklahoma.

Feb. 13, 1962.

W. A. McWilliams, Oklahoma City, for petitioner.

Ames, Daugherty, Bynum, Black & Rogers, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

Don Lewis, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Montgomery Ward and Company he sustained an accidental injury arising out of and in the course of his employment. The State Industrial Court denied an award upon the ground that claimant was an employee of a retail store, an employment not listed as hazardous by the Workmen's Compensation Act, and that the court was without jurisdiction to grant an award. This proceeding is brought by claimant against Montgomery Ward and Company, own risk, hereinafter referred to as respondent, to review the order denying the award.

■ The evidence discloses that in its operation of its retail stores respondent owns and operates warehouses where it stores retail supplies to be transferred from warehouses to its retail stores. It also stores lumber and materials used in repairing its retail stores and in building and repairing counters and other equipment therein. It is further disclosed that lumber and supplies, such as chairs, desks, and other equipment may be used in the completion of its warehouses and other retail stores. While claimant was assisting in unloading some lumber at one of the warehouses maintained by respondent, he fell from the truck on which the lumber was stacked sustaining an accidental injury to his back, right leg and left shoulder.

The general argument of claimant is that the State Industrial Court erred as a matter of law in finding that his employment was not "covered by the Workmen's Compensation Law". In Montgomery Ward & Co. v. State Industrial Commission et al., 201 Okl. 165, 203 P.2d 432, in discussing the liability of the employer where claimant was injured while loading a fan on a freight elevator for delivery to a purchaser, it is stated:

> "Employment in a retail mercantile store is not such an employment defined as hazardous by the Workmen's Compensation Act. 85 O.S.1941 § 2; Havens v. State Industrial Commission, 156 Okl. 160, 9 P.2d 933; Veazey Drug Co. v. Bruza, 169 Okl. 418, 37 P.2d 294; Hurley v. O'Brien, 192 Okl. 490, 137 P.2d 592."

Claimant stated it was his duty to receive and check the material coming by truck or other conveyance to the warehouses and to keep track of the material and supplies. Herman Myres was the direct supervisor of claimant. He testified as follows:

"Q. What were Mr. Lewis' duties?

"A. Well, to give him a title I would call him a receiving man. Primarily he was to receive material when it came in, delivered by the various truck lines and delivery agencies and to see that it was stored in a place where he would know where it was, where we could get it when we needed it. In other words, if material comes in and you don't need it right then but you do need it later, he kept track of it. On the work that he was doing out here, it would be a little different from that. He would actually pitch in and do anything that was necessary to be done.

"BY THE COURT: On this job here?

"A. Yes, sir. This was a rather small job, small material such as lumber like he was working on, when it came in he would help the carpenters to unload it."

Claimant testified that "I was hired to handle all the equipment, check it in, check it out and try to get it in the right place at the right time". He further testified that he did no carpenter work.

Claimant cites Denbo v. Roark et al., 196 Okl. 386, 164 P.2d 977, as a case in which an employer engaged in a non-hazardous business, who hired an employee to do hazardous work, was held to be liable under the Workmen's Compensation Law, when such employee was injured on the job. In that case the employer, an insurance company, had elected, under the terms of an insurance policy it had sold, to repair a damaged building itself instead of making a cash settlement with the insured, and the employee was injured while engaged in such work. This court held that in so electing, the insurance company had actually elected to engage in the construction business for pecuniary gain (85 O.S.1951 § 3(5)). The distinguishing feature between that case and this one is that in the Denbo case, the construction work was being done by the insurance company for a third party (the insured), while here, even if claimant could be said to have been engaged in construction work when he was injured, such work was not being done for a third party, and not for any direct pecuniary gain. In other words, Montgomery Ward and Company was not engaged in construction work for the general public, or for any third party, for a profit, but such work was being done upon its own building, and was only incidental to its retail mercantile business. In such case, this court has consistently held that the employee is not covered by our Workmen's Compensation Law. Oklahoma City Federal Savings & Loan Ass'n v. State Industrial Commission, 176 Okl. 43, 54 P.2d 333; Meyer & Meyer v. Davis, 162 Okl. 16, 18 P.2d 869; Skelton v. Abbott, Okl., 346 P.2d 939.

In Rose Hill Burial Park et al. v. Garrison et al., 176 Okl. 355, 55 P.2d 1045, this court held:

"Our Workmen's Compensation Law is remedial in its objects and operation and should receive a liberal construction in favor of those entitled to its benefits, but before one is entitled thereto he should be held to proof that he is in a class embraced within the provisions of the law, and nothing can be presumed or inferred in this respect. Mobley v. Brown et al., 151 Okl. 167, 2 P.2d 1034, 83 A.L.R. 1014."

Claimant's employment here was plainly not covered by the Workmen's Compensation Law (85 O.S.1951 § 3(5)), and the finding of the State Industrial Court that it had no jurisdiction was therefore correct.

The order of the State Industrial Court is sustained.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.