William **TEANEY**, Petitioner,

v.

**STATE INDUSTRIAL COURT** and George W. Cox, Respondents.

No. 43200.

Supreme Court of Oklahoma.

July 1, 1969.

Rehearing Denied Sept. 9, 1969.

Jack Ewing Wilson, Gary M. Bush, Miller, Melone, Wilson, Adams & Spencer, Oklahoma City, for petitioner.

Warren L. Griffin, Midwest City, G. T. Blankenship, Atty. Gen., for respondents.

JACKSON, Justice.

There is involved here for review an order of the State Industrial Court sitting en banc approving an award of the trial judge allowing the respondent, George W. Cox, claimant below, temporary total compensation benefits under the provisions of the Oklahoma Workmen's Compensation Act. Parties will be referred to as they appeared before the State Industrial Court.

The principal contention of the respondent on appeal is that the claimant did not sustain compensable injuries while employed and working at a hazardous occupation within the purview of the Oklahoma Workmen's Compensation Act. 85 O.S.Supp.1967, Sec. 2.

Respondent carried no workmen's compensation insurance covering his employees and therefore the theory of estoppel provided for in 85 O.S.1961, Sec. 65.2 is not involved.

The accident is alleged to have occurred on December 5, 1967. On that date respondent owned and operated as a franchised dealer a retail mobile home business located at 717 Glendale, Midwest City, Oklahoma. In connection with the business he sold new and used mobile homes and also furniture and washing machines to be used in furnishing the mobile homes. The mobile homes and furnishings were delivered to the place of business of respondent by the manufacturer. When respondent sold a mobile home or other equipment he delivered it on his own truck to the purchaser.

Claimant was employed by the respondent as a truck driver and general worker to haul the trailer homes and furniture from respondent's lot to the place designated by purchaser. Upon delivery to a designated place claimant or another employee of the respondent would connect the gas, water and utilities and make the home ready for occupancy.

On December 5, 1967, respondent sold a washing machine to Mrs. J to be installed in her mobile trailer home near Oklahoma City. He directed the claimant and a helper to load the washing machine from the warehouse on his lot, transport it to the home of Mr. J and install it.

Claimant testified that about 6 P.M. on December 5, 1967, he and two other men were loading the washing machine on respondent's truck from the warehouse. He "grabbed the washing machine and whirled it around" for loading. He felt a "crick" or "catch" in his back. He continued with the loading of the washing machine. It was transported to the home of Mr. J and installed.

Claimant continued working until December 11, 1967, and during this period of time continued to have trouble with his back. He was paid his wages until December 22, 1967.

■ The operation of a retail business consisting of selling, leasing and servicing mobile homes is not a business defined as "hazardous" within the purview of the Oklahoma Workmen's Compensation Act. 85 O.S.Supp.1967, Sec. 2.

We have held in several cases that a deliveryman engaged in transporting or delivering the products of one engaged in a retail business is not engaged in "hazardous employment" within the provisions of the Oklahoma Workmen's Compensation Act and is not entitled to recover Workmen's Compensation benefits.

In Spivey & McGill v. Nixon, 163 Okl. 278, 21 P.2d 1049, we held that an employee of a retail furniture store sustaining injuries "while engaged in unloading and delivering furniture" being transported from the retail store to the home of a customer of the store was not working at "hazardous employment" within the purview of the Oklahoma Workmen's Compensation Act, and was not entitled to recover Workmen's Compensation benefits.

In J. B. Herd Hardware Co. v. Kirby, 160 Okl. 2, 15 P.2d 823, an employee of a retail hardware store severely injured his foot while setting up a binder for the store. We held that the employee was not engaged in "hazardous employment" and

was not entitled to recover Workmen's Compensation benefits.

In Montgomery Ward & Co. v. State Industrial Commission, 201 Okl. 165, 203 P. 2d 432, an employee of a retail department store sold a large attic fan to a customer. In loading the fan on a push truck for the purpose of delivering it to the customer he struck and injured his arm. We held he was not entitled to recover compensation benefits as he was not engaged in "hazardous employment" within the purview of the Workmen's Compensation Act.

In Vieth v. Cook, Okl., 331 P.2d 476, an employee worked as a mechanic, truck driver, and handyman for a retail dealer in tractors and farm equipment. His employer sent him to deliver a new tractor to a customer. After delivering the new tractor he was in the process of chaining down to the truck the old tractor which had been traded in on the new one. He injured his back. We held he was not entitled to workmen's compensation for the reason that at the time he sustained injuries he was working as an employee of a retail store and not at a "hazardous employment" within the purview of the Workmen's Compensation Act.

Other authorities to the same effect are: Lewis v. Montgomery Ward & Co., Okl.,

368 P.2d 995; Melton v. A. C. Wrigley, Inc., Okl., 365 P.2d 557; Oklahoma Tire & Supply Co. v. Summerlin, Okl., 290 P.2d 403; E. M. Mildred Agency v. Yates, 200 Okl. 168, 191 P.2d 581.

Claimant contends that during the course of his employment it was sometimes necessary for him to use tools in repairing mobile homes for occupancy or in lifting the home in making it level. Evidence of this character is most sketchy but even if it were sufficient to establish that claimant occasionally worked as a mechanic or engineer it would afford the claimant no relief here. The test is not what claimant did on other occasions but what he was doing at the time he contends he hurt his back. The evidence is conclusive that on the date of the alleged injury he was assisting in the loading of a washing machine for a retail merchant and therefore was not within the Workmen's Compensation Act. Vieth v. Cook, Okl., 331 P.2d 476; Mid-Continent Petroleum Corporation v. Harris, Okl., 289 P.2d 147; E. M. Mildred Agency v. Yates, 200 Okl. 168, 191 P.2d 581; King v. Carl B. King Drilling Co., 194 Okl. 71, 147 P.2d 463.

The award of the State Industrial Court is vacated.

All the Justices concur.