SEARS, ROEBUCK AND CO., own
risk, Petitioner,

v.

Jack A. ARMSTRONG and State
Industrial Court, Respondents.

No. 51344.

Supreme Court of Oklahoma.

Oct. 3, 1978.

William H. Henderson, Oklahoma City,
for petitioner.

Larry Derryberry, Atty. Gen., Oklahoma
City, and J. Hugh Herndon of Herndon &
Davis, Midwest City, and David H. Cole and
M. Dan Caldwell of Foliart, Mills & Niem-
eyer, Oklahoma City, for respondents.

WILLIAMS, J.

A claim for compensation alleged disabili-
ty from accidental injury sustained during
course of employment as a shipping clerk in
the retail store operated by petitioner, here-
after respondent.

Respondent denied all allegations of the
claim except fact of employment. Respon-
dent specifically denied claimant was en-
gaged in hazardous employment defined by
law, or that the retail sales store was haz-
ardous employment enumerated by statute,
85 O.S.1971 §§ 2, 3.

Claimant was employed as a receiving
clerk at respondent's Midwest City, Oklaho-
ma store. His principal duty was to unload

trucks which delivered merchandise to the back of the store. Some of this merchandise would be placed in a storage area of the main store by use of hand dollies. Large items, such as refrigerators, were placed in a warehouse several yards from the loading dock. Claimant assisted in taking merchandise to the stockroom or from that point onto the sales floor, taking mail to the post office, and occasionally driving a delivery pickup to customers' homes, or between stores transferring merchandise.

On November 29, 1975 claimant left the store to take mail to the post office. When stepping off the dock into the truck his foot slipped and he fell and injured the left knee. Respondent paid claimant's medical bills, and also paid wages in lieu of compensation.

Claimant testified respondent had two gas-powered forklift trucks in the warehouse, which he had used once or twice a week. Respondent's receiving manager testified there was no forklift truck in use, and merchandise was moved entirely by means of two-wheel dollies, or flatbed, four-wheeled dollies. During employment claimant never worked in any other department.

A trial judge found claimant sustained accidental personal injury arising out of and in course of employment, and awarded compensation for permanent partial disability (15%) to left knee. This order was affirmed by State Industrial Court en banc.

The question for review is whether State Industrial Court had jurisdiction to adjudicate claim for compensation based upon injury sustained while employed by a retail store. Respondent contends this was a retail store and not enumerated as hazardous employment under the statute.

Claimant urges State Industrial Court properly exercised jurisdiction in awarding compensation, and respondent should be estopped to deny coverage, since it was reasonable for claimant to infer there was coverage for respondent's employees and that claimant would be provided coverage. In short substance, claimant's supporting arguments seek to re-present issues which were determined adversely to claimant's position in *Miller v. Sears, Roebuck & Co.*, 550 P.2d 1330 (Okl.1976). Disposition made of such claims in that decision obviates need for further consideration of these matters.

■ The only evidence concerning respondent's Midwest City store disclosed a retail sales operation. No effort was made to show warehousing of merchandise for resale made this a workshop. The only evidence in this connection concerned presence of a gas powered forklift in the warehouse, and this was a matter of direct conflict. To categorize the retail store as a workshop within definition of the statute, solely by reason of presence of a power-driven machine in a warehouse, would require controlling importance be accorded this single factor. This would be contrary to sound reasoning and prior decisional law.

■ The statute defines "workshop" as any place where machinery is employed and manual or mechanical labor exercised for gain in *repairing or adapting for sale* any article or thing. This language cannot be construed to mean presence of machinery is the sole criterion, since machinery must be exercised for the purpose and manner specified. This distinction was made clear in *Melton v. A.C.F. Wrigley, Inc.*, 365 P.2d 557 (Okl.1961).

"It is next urged that owing to utilization of power equipment the warehouse premises were transformed into 'workshop' as that term is defined by 85 O.S. 1951 § 3, subdiv. (11). It suffices to say that the machinery located therein was not used in connection with any production, alteration or repair processes, but performed a function merely incidental to preservation, assembly and storage of employer's merchandise prior to its marketing. The mere presence or use of power-driven equipment, we conclude, did not under these facts operate to render the premises a 'workshop' within the meaning of the quoted provision of the statute."

This obvious distinction does not conflict with expressions in the recent case of *Neal v. Sears, Roebuck & Co.*, 578 P.2d 1191 (Okl.1978). In *Neal* the earlier distinction

holding retail service stations were not workshops, within definition of the statute, supra, was removed. There, work in the automotive department entailed use of air-driven power tools. Claimant was hired as a tire installer. His employment involved use of hydraulic jacks and pneumatic tools. Claimant also worked unloading trucks and installing batteries, and performed other duties connected with automotive repair using power-driven machinery.

Here, as in *Melton,* respondent's warehouse was used solely for storage of merchandise offered for retail sale. Presence of power-driven machinery alone did not transform the operation into a workshop. Operation of a retail sales business is not a hazardous employment within purview of the Act, 85 O.S.1971 § 1, et seq. State Industrial Court had no jurisdiction to adjudicate a claim for compensation for accidental injury sustained in non-hazardous employment.

Award vacated.

HODGES, C. J., LAVENDER, V. C. J., and IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.